**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JOSE PEDRO AZEVEDO,**

            **Plaintiff,**

v.                                              Case No. 6:17-cv-1304-Orl-37GJK

**FLORIDA DEPARTMENT OF REVENUE**
**CHILD SUPPORT CUSTOMER SERVICES,**

            **Defendant.**
_____

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

> **MOTION:**    **AFFIDAVIT OF INDIGENCY (Doc. No. 2)**
>
> **FILED:**    **July 17, 2017**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED and Plaintiff be directed to file an amended complaint and a renewed motion to proceed** *in forma pauperis*.

On July 17, 2017, pro se Plaintiff Jose Pedro Azevedo instituted this action by filing "Notice of Disestablishment of Paternity on the Basis of Sec. 466 42 U.S.C. §666(a)(5)(D)(iii) Fraud and Duress" (the "Complaint"). Doc. No. 1. Plaintiff filed an Affidavit of Indigency on the same day, which is interpreted as a request to proceed without prepaying fees and costs (the "Motion"). Doc. No. 2.

I.      APPLICABLE LAW

The United States Congress requires the district court to review a civil complaint filed *in forma pauperis* and dismiss any such complaint that is frivolous, malicious or fails to state a claim. 28 U.S.C. § 1915.[1] The mandatory language of 28 U.S.C. § 1915 applies to all proceedings *in forma pauperis*. Section 1915(e)(2) provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal --
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

The Local Rules of the United States District Court for the Middle District of Florida also govern proceedings *in forma pauperis*. Pursuant to Local Rule 4.07(a), the Clerk dockets, assigns to a judge, and then transmits to the judge cases commenced *in forma pauperis*. The district court assigns to United States Magistrate Judges the supervision and determination of all civil pretrial proceedings and motions. Local Rule 6.01(c)(18). With respect to any involuntary dismissal or other final order that would be appealable if entered by a district judge, the United States Magistrate Judge may make recommendations to the district judge. *Id.* The Court may dismiss the case if satisfied that the action is frivolous or malicious under section 1915, or may enter such other orders as shall seem appropriate. Local Rule 4.07(a).

---

[1] Section 1915A of 28 U.S.C. requires the district court to screen only prisoner's complaints. Nevertheless, the district court screens other complaints pursuant to 28 U.S.C. § 1915(e)(2) and Local Rule 4.07(a).

### A.     Discretion Under 28 U.S.C. § 1915

Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases, and in the denial of motions to proceed *in forma pauperis* when the complaint is frivolous.[2] *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). The pauper's affidavit should not be a broad highway into the federal courts. *Phillips*, 746 F.2d at 785; *Jones v. Ault*, 67 F.R.D. 124, 127 (S.D. Ga. 1974), *aff'd without opinion*, 516 F.2d 898 (5th Cir. 1975). Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action that is totally without merit. *Phillips*, 746 F.2d at 785*; Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979).

### B.     Frivolous and Malicious Actions Under 28 U.S.C. § 1915(e)(2)(B)(I)

A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight. *Clark v. Ga. Pardons and Paroles Board*, 915 F.2d at 639. The trial court must determine whether there is a factual and legal basis, of constitutional or statutory dimension, for the asserted wrong. *Id.* A district court should order a Section 1915 dismissal only when a claim lacks an arguable basis in law. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Claims may lack an arguable basis in law because of either factual or legal inadequacies. *Id.*

Legal theories are frivolous when they are "indisputably meritless." *Neitzke*, 490 U.S. at 329. Section 1915 authorizes the dismissal of "claims of infringement of a legal interest which clearly does not exist." *Id.* at 327.

---

[2] At least one court of appeals views the Prisoner Litigation Reform Act of 1996 as removing some of a district court's discretion and requiring dismissal if the court determines that the action or appeal is frivolous, malicious, or fails to state a claim under Section 1915(e)(2). *Walp v. Scott*, 115 F.3d 308 (5th Cir. 1997).

## II.  ANALYSIS

Although it is difficult to follow, it appears that Plaintiff is requesting that this Court disestablish paternity and remove his name from a birth certificate as the legal father. Doc. No. 1 at 14. Attached to the Complaint is a "Final Judgment on Report and Recommendations of the Hearing Officer," issued by the Ninth Judicial Circuit Court in and for Osceola County, Florida, on January 7, 2006 (the "Final Judgment"). Doc. No. 1-1 at 2-3. The Final Judgment found that Plaintiff is the legal father, that he owes child support arrearages of $43,045.70, and ordered him to pay child support of $99.41 per week. *Id.* at 2. Plaintiff alleges that Defendant Florida Department of Revenue uses fraud and duress to compel signatures on acknowledgments of paternity. Doc. No. 1 at 3. In the Complaint, Plaintiff mentions the right to privacy and freedom of association, but it is unclear how these are relevant to his grievances. *Id.* at 1, 2. The Complaint also contains the heading "Violation of Due Process," but there are no specific allegations under the heading regarding how Plaintiff's due process rights were violated. *Id.* at 12-13. Instead, there is a general statement that "the actual truth about paternity establishment was purposely concealed in all 4 schemes to obtain it . . . ." *Id.* at 13.

The Complaint contains no specific allegations regarding jurisdiction. Doc. No. 1. *See* Fed. R. Civ. P. 8(a)(1) ("A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . ."); 28 U.S.C. §§ 1331, 1332 (setting forth the bases for federal question and diversity jurisdiction in the federal district courts). It appears that Plaintiff is a citizen of Florida, listing his address as Kissimmee, Florida. Doc. No. 1 at 14. Defendant is the Florida Department of Revenue, and thus it seems that diversity jurisdiction does not exist.

"[F]ederal courts generally dismiss cases involving divorce and alimony, child custody, visitations rights, establishment of paternity, child support, and enforcement of separation or divorce decrees still subject to state court modification." *Ingram v. Hayes*, 866 F.2d 368, 369 (11th Cir. 1988). This is referred to as the domestic relations exception. *See id.* In *Ingram*, the plaintiff brought an action in the district court asking for a declaration that the state court's child support judgment was void and unenforceable, for damages against the father for child support arrearages, for modification of the state court's original child support decree, and for damages for retroactive child support payments based on the requested modification, among other claims. *Id.* at 369. The Eleventh Circuit affirmed the district court's refusal to apply the domestic relations exception to the claim for declaratory relief that argued a violation of due process under 42 U.S.C. § 1983. *Id.* at 370-71. The domestic relations exception only applies "when the federal court would necessarily become enmeshed in the domestic factual disputes." *Id.* at 371. As the claim for declaratory relief "merely requires the district court to consider the constitutionality of the [state] court's procedures, resolution of this issue does not require the court to delve into the parties' domestic affairs." *Id.*

In *Moussignac v. Georgia Department of Human Resources*, 139 F. App'x 161, 161–62 (11th Cir. 2005), the Georgia Department of Human Resources (the "Department") sued the father in state court for recovery of child support.[3] The father removed the case to federal court and argued that the Department violated his rights under the Bankruptcy Code. *Id.* The Eleventh Circuit affirmed the district court's order dismissing the case for lack of jurisdiction, stating that "the federal judiciary has traditionally abstained from deciding cases concerning domestic

---

[3] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

5

relations." *Id.* at 162. The Eleventh Circuit noted that "the domestic relations exception does not justify abstention in all diversity cases involving intra-family disputes," but stated that in the case before it there was no diversity jurisdiction because the father and the Department "are residents of Georgia." *Id.*

Plaintiff brings this action challenging the establishment of his paternity and his child support obligation, which is squarely within the domestic relations exception to federal court jurisdiction. Doc. No. 1. The action is brought against the Florida Department of Revenue, thus appearing to preclude diversity jurisdiction. As in *Moussignac*, it appears that the Court lacks jurisdiction.[4]

Based on the forgoing, it is **RECOMMENDED** that the Court:

1. **DENY** the Motion (Doc. No. 2);

2. **DISMISS** the Complaint; and

3. Grant Plaintiff leave to file an amended complaint within a time established by the Court along with a renewed motion to proceed *in forma pauperis*, with the warning that failure to file an amended complaint within the time permitted by the Court will result in dismissal of the case without further notice. In the amended complaint, Plaintiff should include:

    a. the basis upon which the Court has subject matter jurisdiction;

---

[4] This action may also be precluded by the *Rooker-Feldman* abstention doctrine. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476-82 (1983). By requesting that this Court disestablish paternity and remove his name from the birth certificate, Plaintiff is essentially asking the Court to vacate the Final Judgment. "The *Rooker-Feldman* doctrine provides that federal courts, other than the United States Supreme Court, have no authority to review the final judgments of state courts." *Bey v. Ninth Judicial Circuit*, Case No. 6:11-cv-510-18DAB, 2011 WL 1791284, at *2 (M.D. Fla. Apr. 15, 2011).

    b. what rights under the Constitution, laws, or treaties of the United States or otherwise have allegedly been violated by Defendant;

    c. a short plain statement of facts as to each claim and the Defendant's involvement in the violation alleged in each claim;

    d. how Plaintiff has been damaged or injured by Defendant's actions or omissions; and

    e. a clear statement of the relief sought.

4. At the time Plaintiff files an amended complaint, Plaintiff shall also file a renewed motion to proceed *in forma pauperis* using an approved form or pay the full filing fee.

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

    **RECOMMENDED** in Orlando, Florida, on October 19, 2017.

*[signature]*
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:

Presiding District Judge
Unrepresented party